# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-0640V
### Filed: February 1, 2019
UNPUBLISHED

|  |  |
|---|---|
| SARAH GRAHAM,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On May 31, 2016, Sarah Graham ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to her on October 11, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 8, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation. On January 29, 2019, respondent filed a proffer on award of

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation ("Proffer") indicating petitioner should be awarded a lump sum payment of $2,282,465.84, representing compensation for life care expenses expected to be incurred during the first year after judgment ($44,070.86), lost earnings ($1,918,333.00), pain and suffering ($240,000.00), past unreimbursable expenses ($80,061.98), and an amount sufficient to purchase the annuity contract described in section II.B of the attached Proffer.  Proffer at 5.  In the Proffer, respondent represents that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.  *Id.*

Pursuant to the terms stated in the attached Proffer, **the undersigned awards the following:**

A.  **A lump sum payment of $2,282,465.84** representing compensation for life care expenses expected to be incurred during the first year after judgment ($44,070.86), lost earnings ($1,918,333.00), pain and suffering ($240,000.00), and past unreimbursable expenses ($80,061.98), **in the form of a check payable to petitioner, Sarah Graham, and**

B.  **An amount sufficient to purchase the annuity contract described in section II.B. of the attached Proffer.**

These amounts represent compensation for all damages that would be available under § 15(a).  The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.